```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JEAN WILNER ORIENTAL and JEAN
F. VERNARD                                                      **MEMORANDUM & ORDER**
                                Plaintiffs,                     18-CV-3878 (DRH)(GRB)
        -against-

VILLAGE OF WESTBURY, and VILLAGE
OF WESTBURY BUILDING DEPARTMENT
& CODE ENFORCEMENT,

                                Defendants.
----------------------------------------------------------X
```

**APPEARANCES:**

**For Plaintiffs:**
Michael Cullen, Esq.
28 East Main Street
Babylon, New York 11702

**For Defendants:**
Sokoloff Stern LLP
179 Westbury Ave.
Carle Place, New York, 11514
By:     Steven C. Stern, Esq.
        Chelsea Weisbord, Esq.

**HURLEY, Senior District Judge:**

In their amended complaint, Plaintiffs Jean Wilner Oriental and Jean F. Vernard ("Plaintiffs") assert claims pursuant to 42 U.S.C. § 1983 against defendants Village of Westbury ("Westbury") and Village of Westbury Building Department and Code Enforcement (the "Department") (together "Defendants') for alleged violations of Plaintiffs' First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights, as well as various state law claims. Presently before the Court is Defendants' motion to dismiss. For the reasons set forth below the motion is granted in its entirety.

## BACKGROUND

The following allegations are taken from the Amended Complaint ("AC") and to the extent they are factual are presumed true for purposes of this motion.

Plaintiffs own and occupy the premises located at 436 Dover Street, Westbury New York (the "Premises"). In response to an anonymous complaint of overcrowding at the Premises, Village Inspector Michael Mandarino ("Mandarino") and Building Inspector Linares Harrix ("Harrix")[1] visited the Premises on October 14, 2018 to assess whether there was an overcrowding problem. (AC ¶¶ 5, 9.) It is claimed that Mandarino and Harrix visited the Premises "[b]ased on a criminal investigation," but there are no factual allegations showing the Village had a criminal investigation pending against Plaintiffs (*Id.* ¶ 20.) When Mandarino and Harrix arrived at the Premises on October 14, 2016, they informed Plaintiffs of the anonymous complaint they had received and requested permission to inspect the home. (*Id.* ¶ 9.) Plaintiffs refused and told Mandarino and Harrix they had an attorney. (*Id.* ¶¶ 9, 20.) Plaintiffs claim "[a]t that point one of the investigators proceeded to walk down the driveway toward the house and towards the backyard despite that he was told by the other investigator to stop an come away from the house and not to continue down the driveway." (*Id.* ¶ 20.) The Amended Complaint alleges the inspector proceeded toward the home (by walking up the driveway) and "as a result he saw the car behind plaintiff's home." (*Id.* ¶ 21.) The inspector allegedly asked Plaintiffs why a car was parked in the backyard, and they responded the car was in the backyard temporarily while their newly paved driveway dried. (*Id.*) There is no allegation that Mandarino and Harrix entered the home, the backyard, or any other portion of the Premises behind a fence.

---

[1] Although originally named as defendants, Plaintiffs stipulated to the dismissal, with prejudice, of the claims against Mandarino and Harrix. *See* DE 10.

On October 18, 2016, Mandarino and Harrix visited the Premises again and asked for permission to inspect. (AC ¶ 10.) Vernard alleges he told them he and Oriental (who was not there at the time) had retained legal counsel and their attorney should be contacted regarding all future inquiries from the Village. (*Id*.) Vernard also pointed out a "No Trespassing" sign displayed on the property, and showed Mandarino and Harrix a business card from the Coalition of Landlords, Homeowners, & Merchants, Inc. Again, there is no allegation that Mandarino and Harrix entered the home, the backyard, or any other portion of the Premises behind the fence on that date.

During one of these visits, Harrix (while standing in the front yard) saw a Code violation—a vehicle parked on the grass in the backyard. On October 18, 2016, Plaintiffs were issued a summons for parking a vehicle in their unpaved yard in violation of Section 248-272C of the Village Code. (*Id*. ¶ 10-11; Ex. B.) The Amended Complaint acknowledges that Oriental's car was parked in the backyard. (*Id*. ¶¶ 11, 21.) [2]

Plaintiffs have a "No Trespassing" sign on the property, fencing and a gate protecting the side yards and rear yard, and cameras facing the front and side of the property. (*Id*. ¶ 23.) Plaintiffs also have a deadbolt lock on their door, a dog, and shades on their windows. (*Id*.) Plaintiffs claim these all ward-off would be trespassers and intruders. (*Id*.)

On an unspecified date, Plaintiffs sent the Village a notice not to trespass and to communicate with their attorney. (AC ¶ 17.)

It is alleged that Defendants retaliated against Plaintiffs for speaking out against the Village "over many years" regarding the Village's constitutional violations against residents,

---

[2] The disposition of the matter is not set forth in the amended complaint. However, according to the original complaint, during a court appearance on December 15, 2016, the Village voluntarily dismissed the ticket. (Comp. (DE 7) ¶ 53.)

especially Haitians, by illegally coercing and intimidating them to gain access to their homes and property. (Id. ¶ 42.) When or how Plaintiffs' allegedly spoke out against the Village is not set forth. Plaintiffs claim the Village has chilled their free speech because, as a result of the Village's actions, they no longer speak out against the Defendants' illegal and unconstitutional practices against village residents. (Id.)

**DISCUSSION**

I. **Applicable Standard: Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action, a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.' " *Id*. at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" *Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999) (quoting *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991)); *see Weiss v. Village of Sag Harbor*, 762 F. Supp. 560, 567 (E.D.N.Y. 2011) (in deciding a motion to dismiss a court is entitled to consider, inter alia, "documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference" and "documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint"). A document may be considered on a motion to dismiss where the plaintiff has "reli[ed] on the terms and effect of [the] document in drafting the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (emphasis omitted). Such reliance "is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Id.*; *see Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006) (integral

documents may include documents partially quoted in complaint or on which plaintiff relied in drafting complaint).[3]

## II. The Claims against the Department are Dismissed.

"In New York, agencies of a municipality are not suable entities because under New York law, departments that are merely administrative arms of a municipality have no separate legal identity apart from the municipality and therefore cannot be sued." *Perez v. Ponte*, 236 F. Supp. 3d 590, 630 (E.D.N.Y. 2017) (citation omitted), *report and recommendation adopted*, 2017 WL 1050109 (E.D.N.Y. Mar. 15, 2017); *DeFranco v. Dept. of Envtl. Conserv. of the State of New York*, 2017 WL 1497977 (Apr. 26, 2017) (dismissing claims against Building and Code Department of the Town of Brookhaven because it is a municipal agency); *see also Olabopo v. Gomes*, 2016 WL 5477586, at *3 (E.D.N.Y. Sept. 29, 2016) (dismissing New York City's building department, police department, and fire department from case because none of them are suable entities). Accordingly, the claims against the Department are dismissed.

## III. The Federal Claims against the Village are Dismissed.

### A. The Section 1983 Claims

In order to bring a § 1983 claim against a municipal defendant, a plaintiff must establish both a violation of his constitutional rights and that the violation was motivated by a municipal custom or policy. *See Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); see *Coon v. Town of Springfield, Vt.*, 404 F.3d 683, 686 (2d Cir. 2005) ("[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."); *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004);

---

[3] Consistent with the standard for considering materials outside the complaint on a motion to dismiss, the Court has not considered the materials submitted by Plaintiffs in opposition to the instant motion, which includes, among other things transcripts of 50-h testimony.

*see also Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983) (noting that "the mere invocation of the 'pattern' or 'plan' will not suffice") (citations omitted); *Middleton v. City of New York*, 2006 U.S. Dist. Lexis 44320 (E.D.N.Y. 2006) (allegations of an isolated incident of police misconduct will not suffice). A municipality cannot be held liable under Section 1983 on a respondeat superior theory. *Monell*, 436 U.S. at 691.

"To show a policy, custom, or practice, a plaintiff need not identify an express rule or regulation." *Patterson*, 375 F.3d at 226. "Rather, the existence of a municipal policy or custom may be plead in any of four ways. A plaintiff may allege "(1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of policymaking officials; or (4) a failure by policy makers to properly train or supervise their subordinates, amounting to deliberate indifference to the rights of those who come in contact with municipal employees." *Calicchio v. Sachem Central Sch. Dist.*, 2015 WL 5944269, *10 (E.D.N.Y. Oct. 13, 2015) (citing *Giscombe v. New York City Dept. of Educ.*, 2013 WL 829127, * 7 (S.D.N.Y. Feb. 28, 2013); *accord Bektic-Marrero v. Goldberg*, 850 F. Supp. 2d 418, 430 (S.D.N.Y.2012)); *Zambrano–Lamhaouhi v. New York City Bd. of Educ.*, 866 F. Supp. 2d 147, 175 (E.D.N.Y.2011).

The complaint does not include any factual allegations to plausibly suggest *Monell* liability. There are no facts which plausibly suggest either the existence of a formal policy or a widespread practice. *See, e.g., Vail v. City of New York*, 68 F. Supp. 3d 412, 431 (S.D.N.Y. 2014). ("A municipal policy may be pronounced or tacit and reflected in either action or inaction, but either way Plaintiff must allege it with factual specificity, rather than by bare and

conclusory statements.) (internal quotation marks omitted). Indeed, the complaint contains only a detailed account of plaintiffs' own experiences. *Cf. Schnauder v. Gibens,* 679 F. App'x 8 (2d Cir. 2017) (no de facto policy alleged where "apart from a detailed recounting of his own experiences, [plaintiff's] complaint contains only general conclusory allegations that there was a policy . . . .") (internal quotation marks omitted); *Iacovangelo v. Correctional Med. Care, Inc.*, 624 F. App'x 10, 14 (2d Cir. 2015) (widespread practice not pled where other than the plaintiff, the pleading provides only one additional example of a similar incident*); see also Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983) (noting that "the mere invocation of the 'pattern' or 'plan' will not suffice"). The amended complaint is devoid of any factual allegations to support that the actions complained of were by a final decisionmaker. *See, e.g., Dosiak v. Town of Brookhaven*, 2017 WL 7048912, at * 11 (E.D.N.Y. Nov. 27, 2017); *Boonmalert v. City of New York*, 2017 WL 1378274, at * 7 (S.D.N.Y. Apr. 12, 2017); *see also Vail v. City of New York*, 68 F. Supp. 3d 412, 431 (S.D.N.Y. 2014). ("A municipal policy may be pronounced or tacit and reflected in either action or inaction, but either way Plaintiff must allege it with factual specificity, rather than by bare and conclusory statements.") (internal quotation marks omitted). Finally, the mere assertion that a municipality failed to train its employees properly is insufficient to withstand a motion to dismiss. *See Boggs v. Town of Riverhead*, 2018 WL 5830824 (E.D.N.Y. Nov. 7, 2018).

As the Complaint does not plausibly assert a Monell claim against Westbury, the claims against it are dismissed.

Inasmuch as Plaintiffs have failed to state a plausible claim against Westbury consistent with *Monell*, it is not necessary to address Westbury's argument that Plaintiffs have failed to plausibly allege any underlying constitutional violations.

**IV.     Plaintiff's State Law Claims are Dismissed without Prejudice**

Having granted the motion to dismiss Plaintiffs' federal claims, there is no longer any independent basis for federal jurisdiction in this action. Although the Court has the discretion to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, it declines to do so. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); *see also N.Y. Mercantile Exch., Inc. v. Intercontinental Exch.*, *Inc.*, 497 F.3d 109, 119 (2d Cir. 2007) ( holding that dismissal of remaining state claims after the dismissal of federal claims is particularly appropriate where the resolution of the state law claims entails resolving additional legal and factual issues).

Accordingly, plaintiffs' state law claims for trespass, negligent supervision of personnel, violations of the New York State Constitution are dismissed without prejudice.

## CONCLUSION

Defendants' motion to dismiss is granted. Plaintiffs' federal claims are dismissed for failure to state a claim and their state law claims are dismissed without prejudice.

**SO ORDERED.**

Dated: Central Islip, New York                           s/ Denis R. Hurley
       October  2, 2019                                  Denis R. Hurley
                                                                   United States District Judge